**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD REYNOLDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-16-SPM |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner moves for leave to proceed *in forma pauperis*.  ECF No. 3.  Upon review of the financial affidavit, the Court has determined that petitioner is unable to pay the filing fee.  *See* 28 U.S.C. § 1915.  The motion is granted.

Petitioner further moves for appointment of counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.* After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex and petitioner has not alleged that he is hindered from investigating the facts of this case. Consequently, there does not appear to be a need for counsel at this juncture. The Court will therefore deny his motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel [ECF No. 2] is **DENIED** at this time.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of March, 2022.

2